IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
*[Electronically Filed]*

| | |
|---|---|
| MICHAEL BROOKS<br><br>Plaintiff,<br><br>v.<br><br>CDOR LEX LOWRY, LLC;<br>M2 COWBOY INVESTOR, LP; and<br>MCR FUND II PROPERTY<br>MANAGEMENT, LLC<br><br>Defendants. | Civil Action No.<br><br>Removed from: 22-CI-00783<br>Fayette Circuit Court<br><br>Judge: |

## NOTICE OF REMOVAL

Defendants, MCR Fund II Property Management LLC, M2 Cowboy Investor LP, and CDOR LEX Lowry, LLC (collectively as "Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§1332, 1441, and 1446 and the Local Rules of the District Court for the Eastern District of Kentucky, notify this Honorable Court that the matter *Michael Brooks v. CDOR Lex Lowry LLC, MCR Fund II Property Management LLC; and M2 Cowboy Investor LP*, Case No. 22-CI-00783, has been removed from the Fayette County Circuit Court, Division 4, in Lexington, Kentucky, and in support of said notice, states as follows:

### BACKGROUND

271281651v.1

On March 22, 2022, Plaintiff filed a Complaint captioned *Michael Brooks v. CVH Lexington, LLC; Dreamland Hospitality, LLC; Hilton Worldwide Holdings, Inc.; and Hilton Management, LLC*, Case No. 22-CI-00783, in the Fayette Circuit Court. (*Exhibit A, Plaintiff's Complaint*). An Amended Complaint was later filed on March 25, 2022, eliminating the Defendant, Dreamland Hospitality LLC. (*Exhibit B, Plaintiff's Amended Complaint*). After the court granted Plaintiff leave to amend their Amended Complaint on May 31, 2022, a Second Amended Complaint captioned *Michael Brooks v. CVH Lexington, LLC; Hilton Worldwide, Inc.; Hilton Management, LLC; CDOR Lex Lowry LLC, MCR Fund II Property Management LLC; and M2 Cowboy Investor LP*, Case No. 22-CI-00783 was deemed filed in the Fayette Circuit Court. (*Exhibit C, Entered Order, May 31, 2022; Exhibit D, Plaintiff's Second Amended Complaint*). On June 2, 2022, the Court granted the parties' Agreed Order of Dismissal, removing Defendants CVH Lexington, LLC, Hilton Worldwide, Inc., and Hilton Management, LLC. (*Exhibit E, Entered Order, June 2, 2022*). A responsive pleading was filed on behalf of the Defendants on June 7, 2022. (*Exhibit F, Defendants' Answer*). The same day, Defendant CDOR Lex Lowry LLC propounded its first set of Requests for Admissions upon the Plaintiff. On June 9, 2022, Plaintiff propounded its responses to said requests. (*Exhibit G, Plaintiff's Responses to Defendants' First Set of Requests for Admissions*). Based on the responses to Defendant's First Set of Requests for Admissions on June 9, 2022, and the location and residence of the remaining Defendants, this matter satisfies the requirement for removal under 28 U.S.C. §1332(a).

In compliance with 28 U.S.C. §1446(b)(3), Defendants file this Notice of Removal with this Court within thirty (30) days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

removable. (*See Exhibit G*). Defendants are represented by common counsel and have granted consent for removal.

The Second Amended Complaint is the controlling pleading that has been received by the Defendants in this matter. Said Complaint sets forth Plaintiff's claim for negligence, negligent infliction of emotional distress, gross negligence, vicarious liability, and a violation of the Kentucky Consumer Protection Act. Plaintiff is seeking payment of medical expenses, compensatory, and punitive damages, as well as attorney's fees and litigation expenses, in excess of the jurisdictional threshold.  Defendants deny that Plaintiff is entitled to any of the relief sought in his Complaint.

## GROUNDS FOR REMOVAL

**A.  Diversity Jurisdiction, 28 U.S.C. §1332**

This action may be removed to this Court by the Defendants pursuant to the provisions of Title 28 of the United States Code, Section 1332 and 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, set forth more fully below.

*1. Diversity of Citizenship*

Defendants are informed, believe, and on that basis allege that Plaintiff is, and at all relevant times was, a citizen of the Commonwealth of Kentucky.  (*See Exhibit D*). Defendants MCR Fund II Property Management LLC and M2 Cowboy Investor LP were at the time of this filing, and still are, citizens of the state of Texas, where their corporate headquarters are located and where their activities are directed, controlled, and coordinated. Defendant CDOR Lex Lowry, LLC was at the time of this filing, and still is, a citizen of the state of Illinois, where its corporate headquarters are located and where its activities are directed, controlled, and coordinated.  At no

time relevant to Plaintiff's Second Amended Complaint have any of the Defendants had a principal place of business in Kentucky, nor were they incorporated in Kentucky.

2. *Jurisdictional Amount*

Plaintiff's Second Amended Complaint alleges claims for negligence, negligent infliction of emotional distress, gross negligence, vicarious liability, and a violation of the Kentucky Consumer Protection Act. According to Plaintiff, the damages at issue in this action are in excess of $75,000.00, exclusive of interest and costs. On June 9, 2022, Plaintiff responded to Defendants' First Set of Requests for Admissions and stipulated the value of this claim exceeded the requisite threshold.

Because the jurisdictional minimum is satisfied and the parties are of diverse citizenship, the Court has jurisdiction of this action under 28 U.S.C. §1332. Defendants are therefore entitled to remove this action to this Court pursuant to 28 U.S.C. §§1332 and 1441.

## CONCLUSION

Defendants have complied with the procedural requirements of 28 U.S.C. §1446 and the Federal Rules of Civil Procedure that govern removal from state court. This Court has original jurisdiction over this matter because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

Notice of filing for removal will be promptly given to the Fayette County Circuit Court, Commonwealth of Kentucky. Additionally, Defendants have served their responsive pleadings to the Second Amended Complaint prior to filing this petition for removal, pursuant to Fed. R. Civ. P. 81(c).

WHEREFORE, Defendants respectfully notify that this cause has been removed from the Fayette County Circuit Court, Commonwealth of Kentucky, to the United States District Court for

the Eastern District of Kentucky, pursuant to the provisions of 28 U.S.C. §1332 and 1446 and the Local Rules of the United States District Court for the Eastern District of Kentucky.

                                                                                          Respectfully submitted,

                                                                                        */s/ Samuel E.T. Jones*
                                                                                        James N. Burd
                                                                                        Samuel E.T. Jones
                                                                                        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
                                                                                        100 Mallard Creek Road, Suite 250
                                                                                        Louisville, KY  40207
                                                                                        Telephone: 502.238.8500
                                                                                        Facsimile: 502.238.7995
                                                                                        james.burd@wilsonelser.com
                                                                                        samuel.jones@wilsonelser.com
                                                                                        *Counsel for Defendants*

271281651v.1