CSC

# Notice of Service of Process

**MWM / ALL**
**Transmittal Number: 24707463**
**Date Processed: 04/01/2022**

| | |
|---|---|
| **Primary Contact:** | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| **Electronic copy provided to:** | LeRhonda Barnett<br>Jennifer Guy<br>Chris Deubert<br>Valerie Sammons<br>Matthew Fore<br>Marissa Gahafer |

| | |
|---|---|
| **Entity:** | Hilton Management LLC<br>Entity ID Number 2644095 |
| **Entity Served:** | Hilton Management, LLC |
| **Title of Action:** | Michael Brooks vs. CVH Lexington, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Fayette County Circuit Court, KY |
| **Case/Reference No:** | 22-CI-00783 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 03/29/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Morgan & Morgan, Kentucky PLLC<br>859-219-4529 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

AOC-E-105 Rev. 9-14

Sum Code: CI

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **22-CI-00783**
Court: **CIRCUIT**
County: **FAYETTE**

*Plantiff,* **BROOKS, MICHAEL VS. CVH LEXINGTON, LLC ET AL,** *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is HILTON MANAGEMENT, LLC

The Commonwealth of Kentucky to Defendant:
**HILTON MANAGEMENT, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **3/22/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 443266229738932@00001056318
CIRCUIT: 22-CI-00783 Certified Mail
BROOKS, MICHAEL VS. CVH LEXINGTON, LLC ET AL



eFiled

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION ________
CIVIL ACTION NO. ________________

***FILED ELECTRONICALLY***

MICHAEL BROOKS PLAINTIFF

V.

CVH LEXINGTON, LLC

Serve: Valenti Hanley & Robinson, PLLC
401 West Main Street, Suite 1950
Louisville, Kentucky 40202

DREAMLAND HOSPITALITY, LLC
d/b/a HOME2SUITES

Serve: Mayank Patel
3000 Crittenden Drive
Louisville, Kentucky 40209

HILTON WORLDWIDE HOLDINGS, INC.

Serve: Office of the Kentucky Secretary of State
700 Capital Avenue, Suite 152
Frankfort, Kentucky 40601

HILTON MANAGEMENT, LLC DEFENDANTS

Serve: CT Corporation System
421 West Main Street, Suite 512
Frankfort Kentucky 40601

---

**COMPLAINT**

---

Comes Plaintiff, Michael Brooks, by counsel, and for his Complaint against Defendants, CVH Lexington, LLC, Dreamland Hospitality, LLC d/b/a Home2Suites, Hilton Worldwide Holdings, Inc., and Hilton Management, LLC (collectively "Defendants"), states as follows:

**PARTIES**

1. Plaintiff, Michael Brooks, is a citizen of the Commonwealth of Kentucky, residing in Fayette County, Kentucky.

2. Defendant, CVH Lexington, LLC, is a Foreign Limited Liability Company with a principal office located at 6750 Poplar Avenue, Suite 107, Memphis, Tennessee 38138, and a registered agent of Valenti Hanley & Robinson, PLLC, 401 West Main Street, Suite 1950, Louisville, Kentucky 40202.

3. Defendant, Dreamland Hospitality, LLC d/b/a Home2Suites, is a Kentucky Limited Liability Company with a principal office located at 11411 Vista Club Court, Louisville, Kentucky 40291, and a registered agent of Mayank Patel, 3000 Crittenden Drive, Louisville, Kentucky 40209.

4. Defendant, Hilton Worldwide Holdings Inc., is a Delaware corporation which owns, franchises, manages, leases, licenses, and develops hotels, including the Home2Suites brand, across the country and within the Commonwealth of Kentucky. Hilton Worldwide Holdings, Inc. has its principal office located at 7930 Jones Branch Drive, Suite 1100, in McLean, Virginia 22102. On information and belief, this Defendant, in whole or in part, owned, leased, operated, managed, franchised, maintained, and/or controlled the Home2Suites by Hilton Lexington University/Medical Center, located at 126 East Lowry Lane, Lexington, Kentucky 40503.

5. Defendant, Hilton Management, LLC, is a Foreign Limited Liability Company with a principal office located 7930 Jones Branch Drive, McClean, Virginia 22102, and a registered agent of Corporation Service Company, 421 West Main Street, Suite 512, Frankfort Kentucky 40601.

6. At all times relevant hereto, Defendants, jointly or individually, owned, controlled, operated, maintained and/or supervised the Home2Suites by Hilton Lexington University/Medical

Center, located at 126 East Lowry Lane, Lexington, Kentucky 40503, that is the subject of this litigation (hereinafter "premises").

**JURISDICTION AND VENUE**

7. The circumstances giving rise to this Complaint took place in Fayette County, Kentucky.

8. The amount of damages sustained by Plaintiff are in excess of the minimum jurisdictional limits of the Fayette County Circuit Court.

9. Fayette County Circuit Court has jurisdiction over this matter and venue is appropriate in this County.

**FACTS**

10. At all times relevant hereto, Defendants, by and through their agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep the premises, and rooms located within the premises, safe for the use of their patrons, including Plaintiff.

11. On or about January 1, 2022, as a direct and proximate result of the negligent acts and/or omissions of Defendants, whether by and through their respective agents, ostensible agents, servants, employees, and/or other representatives, Plaintiff, while exercising due care for his own safety, was subjected to unknowingly ingesting illegal, poisonous, and potentially infectious substances, while lawfully and properly on Defendants' premises.

12. Specifically, Plaintiff is an accomplished physician and professor who accepted a position at the University of Kentucky Hospital.

13. He checked into the premises, went to his room, and later made a cup of decaffeinated coffee with the coffee maker provided in his room before going to bed.

14. He shortly thereafter began experiencing severe symptoms, which included an incredibly elevated heartrate, rapid thoughts and extreme jitteriness, all of which lasted through the night.

15. After not sleeping all night, Plaintiff went to prepare another cup of coffee before heading to the hospital, at which time he noticed something in the water reservoir of the coffee maker.

16. Plaintiff then discovered and removed a used condom and plastic baggie from the inside of the coffeemaker water reservoir.

17. A crystalized substance was still present inside the baggie, which was open and mixed with water.

18. Plaintiff immediately reported the condom and baggie to the front desk, and the police were called.

19. Plaintiff's toxicology screen at the hospital later showed he had ingested methamphetamine in his coffee.

20. As this occurred at a hotel, it is anticipated that the used condom which Plaintiff discovered in his coffeemaker had previously been used to rectally or vaginally conceal the methamphetamine to pass security for an airplane flight, with the condom later being passed or extracted from a previous occupant of Plaintiff's hotel room, who either used or sold the illegal drugs before attempting to hide the remainder in the coffee maker.

**COUNT I**
**(Negligence)**

21. Plaintiff adopts and reiterates each and every allegation stated above as if set out fully in this paragraph and incorporate them by reference

22. Defendants owed Plaintiff a duty to exercise reasonable care for his safety.

23. Defendants and their agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to Plaintiff.

24. As a direct and proximate result of the negligence and carelessness of Defendants, as heretofore alleged, Plaintiff was caused to sustain personal injuries of a permanent nature to his person. The injuries sustained by Plaintiff resulted in the following damages: (a) mental and physical pain and suffering both of a temporary and permanent nature all to his damage in a sum to be determined by a jury sitting in the trial of this matter; (b) the power and ability to labor and earn has been temporarily and permanently impaired all to his damage in a sum to be determined by a jury sitting in the trial of this matter; (c) the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter; and (d) loss of his ability to lead and enjoy a normal life, all to his damage, in a sum to be determined by a jury sitting in the trial of this matter.

**COUNT II**
**(Negligent Infliction of Emotional Distress)**

25. Plaintiff adopts and reiterates each and every allegation stated above as if set out fully in this paragraph and incorporate them by reference.

26. Defendants owed Plaintiff a duty of care to protect him from harm arising from use of the hotel room at the premises as described more particularly above.

27. Defendants breached the duty of care owed to Plaintiff.

28. That as a direct and proximate result of the actions of Defendants, Plaintiff suffered severe and serious emotional injury that a reasonable person, normally constituted, would not be expected to endure.

**COUNT III**
**(Gross Negligence/Punitive Damages)**

29. Plaintiff adopts and reiterates each and every allegation stated above as if set out fully in this paragraph and incorporate them by reference.

30. Defendants acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186.

31. Defendants' actions and/or breached duty of care described hereinabove proximately and directly resulted in physical, emotional and financial injuries to Plaintiff.

**COUNT IV**
**(Respondeat Superior)**

32. Plaintiff adopts and reiterates each and every allegation stated above as if set out fully in this paragraph and incorporate them by reference.

33. Defendants, by and through their employees, agents and/or representatives, acted or failed to act in such a negligent, reckless and/or intentional manner so as to cause Plaintiff to suffer serious bodily and emotional injury.

34. Upon information and belief, on the date of the subject incident and days immediately prior, Defendants' employees, agents and/or representatives, were acting in the course and scope of their employment with Defendants.

35. Defendants authorized, ratified and/or should have anticipated the conduct of their employees, subjecting Defendants to punitive damages.

36. That the doctrine of respondeat superior applies to Defendants for the negligent, reckless and/or intentional acts and/or failure to act of their employees.

**WHEREFORE**, Plaintiff, Michael Brooks, respectfully demands judgment against Defendants, as follows as follows:

A. A trial by jury on all issues of fact herein;

B. For compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C. For punitive damage;

D. For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

E. For Plaintiff's costs herein expended; and,

F. For any and all other relief to which Plaintiff is entitled.

**CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The party notified is as follows: Anthem BlueCross BlueShield, PO Box 659940, San Antonio, Texas 78265.

**RESPECTFULLY** submitted this 22nd day of March, 2022.

*/s/ Tanner H. Shultz*
TANNER H. SHULTZ
Morgan & Morgan, Kentucky PLLC.
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 219-4529
Facsimile: (859) 367-6146
tshultz@forthepeople.com
COUNSEL FOR PLAINTIFF

Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

USPS CERTIFIED MAIL

9236 0901 9403 8370 6347 66

Case Number: 22-CI-00783

Restricted Delivery
CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

## KCOJ eFiling Cover Sheet

Case Number: 22-CI-00783
Envelope Number: 4432662
Package Retrieval Number: 443266229738932@00001056318
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 13.53

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. JULIE M. GOODMAN (622397)





Generated: 3/23/2022 9:25:49 AM

CERTIFIED MAIL™

LEXINGTON KY 405

23-MAR-2022PM 3 L

NEOPOST

03/23/2022

US POSTAGE $013.53⁰

ZIP 40601

041M11456493

40601-181521