UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-153-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CDOR LEX LOWRY, LLC, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants CDOR Lex Lowry, LLC, MCR Fund II Property Management, LLC, and M2 Cowboy Investor, LP removed this action from Fayette Circuit Court on June 14, 2022, alleging diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). [Record No. 1] Because the notice of removal's allegations were insufficient to establish complete diversity, on June 15, 2022, the Court directed the defendants to show cause why the case should not be remanded to Fayette Circuit Court. [Record No. 5] The defendants have responded to the Show Cause Order, indicating that they wish to withdraw the notice of removal and requesting that this action be remanded to Fayette Circuit Court. [Record No. 9]

One could interpret this response to tacitly concede that subject matter jurisdiction does not exist because the defendants are not all citizens of different states from the plaintiff, who is a Kentucky citizen. Regardless, neither the response nor the notice of removal establishes complete diversity for the reasons discussed in the Show Cause Order. [*See* Record No. 5.] Thus, the defendants have failed to carry their burden of establishing subject matter

jurisdiction. *See, e.g.*, *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020). Remand is appropriate. *See* 28 U.S.C. § 1447(c).

Having considered the matter and being sufficiently advised, it is hereby

**ORDERED** that this action is **REMANDED** to Fayette Circuit Court and **STRICKEN** from the Court's docket.

Dated: June 29, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky